**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITY RECOVERY CENTER, INC.,            CASE NO.:
a Florida corporation,

       Plaintiff,
v.

BEACH HOUSE TREATMENT CENTER, LLC,
a Florida limited liability company, GLENN E. COHEN,
an individual, and JUNO HOLDINGS, LLC, a
Florida limited liability company,

       Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Unity Recovery Center, Inc. ("Unity") hereby sues Defendants, Beach House Treatment Center, LLC ("Beach House"), Glenn E. Cohen ("Cohen"), and Juno Holdings, LLC ("Juno") (collectively, referred to as the "Defendants"), and in support states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action against Defendants for trademark infringement, and for federal unfair competition/false advertising under The Lanham Act, 15 U.S.C. § 1051 et seq., for unfair competition under Florida law, and for violation of the Florida Deceptive and Unfair Trade Practices Act.

2. Unity is a Florida corporation located in Palm Beach, Florida.

3. Beach House is a Florida limited liability company located in Juno Beach, Florida.

4. Upon information and belief, Cohen resides in Palm Beach County, Florida, and has conducted business in Florida. Cohen is the authorized Member of Beach House.

5. Juno is a Florida limited liability company, and is located in Juno Beach, Florida. Juno is the Manager of Beach House.

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1338(a), and §1338(b).

7. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §48.193 in that Defendants are or were doing business in the State of Florida during the relevant times of infringement.

8. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c).

9. Unity has been required to retain the undersigned law firm to pursue this matter and is obligated to pay said firm a reasonable fee for its services.

10. All conditions precedent to the filing of this action have been performed, have occurred or have otherwise been waived.

## FACTUAL BACKGROUND

11. Until late 2015, Unity operated a number of alcohol and drug addiction treatment centers in South Florida. Although Unity had to temporarily shut down its operations toward the end of 2015 due to internal data security issues, it intends to reopen in the near future.

12. From 2008, when Unity was formed, through the end of 2015, Unity grew to operate multiple centers. By the 2014, Unity was treating approximately 2,500 patients annually.

13. Unity uses two service marks to identify and advertise its services throughout the United States.

14. The service marks Unity uses are registered in the United States Patent and Trademark Office ("USPTO") as follows:

| MARK | USPTO REG. NO. | DATE REGISTERED | FIRST USE DATE |
|---|---|---|---|
| UNITY REHAB | 4,301,396 | March 12, 2013 | June 2008 |

| MARK | USPTO REG. NO. | DATE REGISTERED | FIRST USE DATE |
|---|---|---|---|
| UNITY RECOVERY CENTER | 4,301,397 | March 12, 2013 | June 2008 |

15. The aforementioned service marks are hereinafter referred to as "the Unity Marks." True and accurate records from the USPTO's TIER database reflecting the Certificates of Registration referenced above are attached hereto as Exhibit A.

16. Unity has invested a significant amount of time and money into advertising and developing the Unity Marks over the course of several years.

17. Unity has continuously used the Unity Marks in interstate commerce since as early as February of 2009, in connection with advertising for its facilities used to treat patients who suffer from alcohol and drug addiction.

18. Due to the consistent use of the Unity Marks, the Unity Marks have become a strong source-identifier of the services provided by Unity.

19. Unity has devoted substantial resources advertising the Unity Marks including advertising throughout the internet, on search engines such as Google, Yahoo, and MSN.

20. Since 2008, Unity has continuously operated a distinctive Internet website by which the company advertises its drug and alcohol addiction rehabilitation services under the Unity Marks.

21. Today, Unity owns many Internet domain names, including, e.g., http://www.unityrehab.com/.

22. Accordingly, if a consumer using an Internet web browser types in Unity's URL - for example, if he or she types http://www.unityrehab.com/ in his or her web browser address bar - the consumer is directed to Unity's website where he or she can view its offering of services.

23. A significant and critical amount of Unity's solicitations is conducted via the Internet.

24. Unity has devoted substantial resources in developing, maintaining, enhancing and updating its website.

25. Beach House, a direct competitor to Unity, is also a drug and alcohol addiction treatment center located in Florida.

26. Beach House was established on November 31, 2014.

27. Upon information and belief, Beach House has been knowingly and intentionally using the Unity Marks in connection with Beach House's website, in an effort to confuse the public into believing that Unity is affiliated with Beach House.

28. Specifically, Beach House has purchased keywords or "AdWords" from Google so that Beach House's advertisement is displayed every time a consumer searches the terms "Unity Recovery" and "Unity Rehab."

29. When a consumer enters the term "Unity Recovery Center" on the Google search bar, an advertisement link comes up for "www.beachhouserehabcenter.com/Rehab," with the

heading "Find Unity in Recovery—Most Major Insurance Accepted." A copy of the relevant Google search is attached hereto as Exhibit B.

30. Likewise, when a consumer enters the term "Unity Rehab" on the Google search bar, the same advertisement link comes up for www.beachhouserehabcenter.com/Unity, with the heading "Find Unity in Recovery—Florida Drug Alcohol Rehab Center." A copy of the relevant Google search is attached hereto as Exhibit C.

31. These advertisement links direct a consumer to the website for Beach House. A copy of the homepage for Beach House's website is attached hereto as Exhibit D.

32. According to Google's "Why this Ad" page, the first advertisement pops up because it "matches the exact term you entered: 'Unity Recovery Center.'" A copy of the relevant "Why this Ad" page is attached hereto as Exhibit E.

33. Similarly, Google's "Why this Ad" page states that the second advertisement pops up because it "matches the exact term you entered: 'Unity Rehab.'" A copy of the relevant "Why this Ad" page is attached hereto as Exhibit F.

34. Beach House's use of the Unity Marks in connection with its services that are similar and/or identical to those services provided by Unity and directed to the same types of consumers, inevitably will cause confusion among the public such that the public will believe that Beach House is affiliated with, sponsored and/or approved by Unity.

35. Beach House began using the Unity Marks, without Unity's permission, with full knowledge of Unity's ownership of the Unity Marks, and with the intention of trading upon the goodwill established by Unity therein.

36. Beach House continues to use the Unity Marks for its promotion or sale of its services without Unity's permission, and with full knowledge of Unity's ownership of the Unity Marks.

37. Beach House's use of the United Marks infringes upon the intellectual property rights of Unity.

38. Upon information and belief, Cohen and Juno have the authority and control over the services offered by Beach House and willfully and intentionally directed the infringement of the Unity Marks by Beach House, which tortuous acts were committed within this judicial district.

39. Cohen and Juno stand to directly benefit from their own as well as Beach House's infringing activities.

40. Accordingly, Defendants' use of the Unity Marks constitutes a clear violation of Unity's federal trademark rights under the Lanham Act and common law rights in the Unity Marks.

41. The infringing and violative conduct was undertaken intentionally, willfully and with wanton disregard of Unity's rights.

## COUNT I—TRADEMARK INFRINGEMENT

42. Unity realleges all of the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

44. Beach House is using the Unity Marks in connection with the sale, offering for sale, distribution or advertising of its services in a manner likely to cause confusion or mistake, or to cause mistake or to deceive customers as to the affiliation, connection, or association of Beach House with Unity, or as to the origin, sponsorship or approval of Unity's services.

45. Beach House's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable harm and monetary damages to Unity.

46. Unity has been damaged by Beach House's infringement of its Unity Marks.

47. Unless this Court restrains Beach House from further infringing conduct, Unity will continue to suffer irreparable harm, for which it has no adequate remedy at law.

48. Upon information and belief, Cohen and/or Juno exercise control over and directly profit form the infringing use, advertising, marketing and sale of services using the Unity Marks.

49. Upon information and belief, Cohen and/or Juno know or have reason to know of the use of the Unity Marks in connection with the sale, offering for sale, distribution or advertising of services in a manner likely to cause confusion or mistake, or to cause mistake or to deceive, customers as to the affiliation, connection, or association of Beach House with Unity, or as to the origin, sponsorship or approval of Beach House's services.

### COUNT II—FALSE DESIGNATION OF ORIGIN UNDER 43(a) OF THE LANHAM ACT

50. Unity realleges all of the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

51. The Unity Marks are uniquely associated with and now identify Unity's services throughout Florida.

52. Unity owns federal and common law trademark rights in the Unity Marks.

53. By the acts complained herein, Defendants intentionally engaged in conduct that constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

54. Defendants, in connection with the marketing, advertising and sale of services by using the Unity Marks, have intentionally held Beach House out to be affiliated with Unity.

55. Defendants' use of the Unity Marks in interstate commerce is a willful attempt to trade upon Unity's reputation and business goodwill and constitutes a false designation of origin and/or false or misleading description of fact.

56. All of this is likely to lead the public into believing that there is an affiliation, connection or association between Beach House and Unity when, in fact, no such affiliation or connection exists.

57. Unity has been damaged by Defendants' improper actions, as set forth above, and will continue to be damaged by such actions unless they are so restrained.

### COUNT III—VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

58. Unity realleges all of the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

59. This Count arises under § 501.204, Florida Statutes (Consumer Protection; Deceptive and Unfair Trade Practices).

60. Defendants, without the consent of Unity, have adopted the Unity Marks without Unity's permission.

61. Defendants' improper actions, as set forth above, are an intentional attempt to trade upon Unity's reputation and business good-will and have caused or are likely to cause dilution of the distinctive quality of the Unity Marks.

8

62. Defendants have engaged in deceptive acts and/or fraudulent conduct contrary to honest practices in industrial and commercial matters. Defendants' conduct was immoral, unethical, oppressive, or unscrupulous, and/or substantially injurious to Unity.

63. Defendants' use of the Marks is a violation of § 501.204, Florida Statutes, because the use of the Unity Marks is an unfair or deceptive trade practice in the conduct of trade or commerce.

64. By its actions, Defendants have damaged Unity and been unjustly enriched.

## COUNT IV—FALSE ADVERTISING

65. Unity realleges all of the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

66. This is an action for false advertising under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), in connection with Defendants' unlawful use of the Unity Marks.

67. Defendants' Google advertisements are false and misleading.

68. Defendants' advertisements deceive, or have the capacity to deceive, consumers, and such deception is likely to have a material effect on purchasing decisions.

69. Defendants' acts of misrepresenting its services affects interstate commerce.

70. Unity has been and is likely to continue to be injured as a result of Defendants' false advertising.

## COUNT V—UNFAIR COMPETITION UNDER FLORIDA LAW

71. Unity realleges all of the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

72. This is an action for unfair competition under Florida law in connection with Defendants' unlawful use of the Unity Marks.

73. Defendants' use of the Unity Marks without Unity's permission is deceptive.

74. Defendants, in connection with their services, have used in commerce a word, term, name, or symbol, or a combination thereof, or a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Beach House with Unity or as to the origin, sponsorship, or approval of Beach House's services or commercial activities by Unity.

75. As a result of Defendants' misconduct, Unity has been damaged.

## PRAYER AS TO ALL COUNTS

WHEREFORE, Unity demands:

a. That Beach House, its agents, servants, officers, servants, employees, licensees and affiliates, and all those persons in active concert or participation with Beach House, be preliminarily and thereafter permanently enjoined and restrained from:

(1) Using the Unity Marks alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote advertise or identify Beach House's services;

(2) Otherwise infringing the Unity Marks;

(3) Holding itself out as the owner of, or a company authorized to use, as part of its name, business or services, the Unity Marks, or a name confusingly similar thereto as a trademark, service mark, or trade name;

(4) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Beach House's services, as to the source, nature, composition, or quality of the services created,

        developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Beach House;

        (5)    Doing any act or thing calculated or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some affiliation, sponsorship, or connection between Beach House and Unity or that Beach House's services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered for sale, or sold by Unity or with Unity's authorization, consent, approval, or permission;

        (6)    Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Unity's businesses and the goodwill attached thereto.

b.    That Unity recover its actual damages sustained as a result of Defendants' wrongful actions;

c.    That Defendants be required to account for and pay over to Unity all gains, profits, and advantages realized as a result of Defendants' wrongful actions;

d.    That Unity recover three times Defendants' profits made as a result of Defendants' wrongful actions, or three times Unity damages, whichever is greater;

e.    Pursuant to 15 U.S.C. § 1117, Unity be awarded its damages, Defendants' profits, Unity's attorneys' fees and costs, and that this award of damages and profits be tripled pursuant to 15 U.S.C. § 1117.

f.    That Unity has such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Unity demands a jury on all issues so triable.

Respectfully submitted,

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305)416-6887

/s/ Juan Martinez
Juan Martinez, Esq.
Fla. Bar No.: 9024
Juan.Martinez@gray-robinson.com
Giselle Maranges, Esq.
Fla. Bar No.: 92458
Giselle.Maranges@gray-robinson.com